UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>        v.<br><br>CHARLES WILKE, JR.,<br><br>                        Defendant. | CASE NO. 3:09-cr-05462-DGE<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 56) |

Before the Court is Defendant Charles Wilke's motion for early termination of supervised release.  (Dkt. No. 56.)

On March 19, 2010, Wilke was sentenced to 120 months of custody followed by a lifetime of supervised release for one count of Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct.  (Dkt. No. 35.)  Wilke's term of supervised release commenced on September 30, 2019.  (Dkt. No. 58 at 1.)  On October 16, 2023, certain conditions were removed, including the standard condition regarding third party risk and the special conditions regarding plethysmograph testing and sexual deviancy treatment.  (Dkt. Nos.

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 56) - 1

50; 58 at 1.)  The special conditions related to contact with minor children under the age of 18 also were favorably modified.  (*Id.*)

The government defers to Probation and to the Court on whether to terminate supervised release.  (Dkt. No. 57.)

Probation reports Wilke is "considered a low risk to reoffend" and that his current social network–which is identified as being a risk factor—appear to be pro-social.  (Dkt. No. 58 at 1–2.)  Wilke is actively involved with his local Veterans of Foreign Wars community and gaming community.  (*Id*. at 2.)  He is unemployed, apparently due to health-related issues, and "receives government benefits to cover any basic and essential needs."  (*Id*.)  Wilke has remained in compliance with the terms of his supervised release.  (*Id*.)  Probation, however, is unable to endorse early termination because of Wilke's criminal history and because of the lack of an updated risk assessment from a sexual deviancy treatment provider.  (*Id*.)  Probation previously identified the need for a risk assessment because although Wilke completed treatment, "at that time, his provider did not provide an updated risk assessment."  (Dkt. No. 54.)

By order dated October 23, 2024, the Court denied Wilke's prior request for early termination.  (Dkt. No. 55.)  The Court determined that despite having complied with all terms of supervised release, "in light of [Wilke's] background, the Court should seek whatever information is available regarding possible risks in Mr. Wilke's future."  (*Id*. at 2.)

At present, it appears the only information on the docket about any risk assessment after completion of court mandated sexual offender treatment appears to be a one-page certificate of completion (Dkt. No. 45-1) and Probation's risk assessment using a risk assessment tool (Dkt. No. 58).  The certificate of completion identifies the completion of a sexual offender treatment program but does not identify the results of any risk assessment performed by a treatment

provider.  And while the Court often relies on Probation's risk assessment tools involving other criminal conduct, the Court believes a risk assessment performed by a qualified treatment provider is necessary considering the nature and circumstances of Wilke's prior offense conduct.

The Court acknowledges Wilke has been complying with the terms of supervised release and that he has encountered difficulties in obtaining information from his previous provider.  The Court, however, cannot make a fully informed decision as to whether the interests of justice weigh in Wilke's favor.  And although Wilke asserts it is an "unusual idea that an updated assessment is warranted for someone who successfully graduated from treatment years ago and is thriving" (Dkt. No. 59 at 2), the docket contains no risk assessment information from a provider from any point in time for the Court to consider.

Pursuant to 18 U.S.C. § 3583(e), and after having considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the Court concludes the present record is insufficient for it to terminate supervised release.

Wilke's motion for early termination of supervised release (Dkt. No. 56) is DENIED.  As before, however, this denial is without prejudice.  Wilke may again seek termination at a future date and once more, it would be helpful to the Court to have risk assessment information from a sexual deviancy treatment provider when considering any future request.

Dated this 3rd day of February, 2026.



David G. Estudillo
United States District Judge

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 56) - 3